IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Aaron Shawn MOULTRIE,

    Plaintiff,                                No. 2:08-cv-02637-CTB

    vs.

State of WASHINGTON, et al.,

    Defendant.

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

/

**BACKGROUND**

Plaintiff Aaron Shawn Moultrie is a state prisoner proceeding in forma pauperis. On November 5, 2008, Plaintiff filed a *pro se* complaint in this court against the State of Washington, the Washington State Department of Corrections, the "Department of Paroles," and Does 1-100. His complaint appeared to allege wrongful imprisonment following a series of convictions in the states of Washington, Oregon, and California. Plaintiff has requested appointment of counsel.

**DISCUSSION**

1.    *Motion for Appointment of Counsel*

As far as this court can determine from reading the complaint, Plaintiff alleges a violation of his civil rights under 42 U.S.C. § 1983 due to wrongful imprisonment. United States district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Ct. for the Southern Dist. of Iowa,* 490 U.S. 296, 298 (1989). Under "exceptional circumstances," this court may *request* the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional

circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal indicia of quotation omitted).  Here, as discussed below, there is no likelihood of success on the merits in this case.  There are therefore no "exceptional circumstances" and this court declines to request the voluntary assistance of counsel.

2.    *Unenumerated Motion to Dismiss Under the PLRA*

Under the Prison Litigation Reform Act (PLRA), this court has a statutory duty to screen complaints and dismiss any claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In *Heck v. Humphrey*, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . .  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486–87 (1994).  "The critical element remains whether the plaintiff's action, if successful, will 'demonstrate the invalidity of any outstanding criminal judgment.'" *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1043 (9th Cir. 2012) (quoting *Heck*, 512 U.S. at 486–87).

Plaintiff claims he is wrongly imprisoned.  Plaintiff's complaint acknowledges that he was sentenced and imprisoned following a state conviction.  Plaintiff fails to show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus.  *Heck,*

1  512 U.S. at 486–87.  This failure to do so precludes a collateral challenge in federal court.  Any
2  determination that his imprisonment is unlawful would necessarily render his sentence or
3  conviction invalid and is therefore barred by *Heck*.  This court is therefore required to dismiss the
4  complaint for failure to state a cause of action.
5        The question remains whether this case should be dismissed with or without prejudice.
6  The Ninth Circuit has held that a district court has discretion whether to grant leave to amend
7  when dismissing a claim under the PLRA.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
8  "[A] district court should grant leave to amend even if no request to amend the pleading was
9  made, unless it determines that the pleading could not possibly be cured by the allegation of other
10 facts."  *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  There are no
11 additional facts that Plaintiff could plead which would not render this a collateral attack to his
12 conviction and sentence barred by *Heck*, as Plaintiff.  Therefore, this court exercises its discretion
13 to dismiss the complaint with prejudice.

14 **CONCLUSION**

15       The court finds dismissal appropriate for failure state a claim upon which relief can be
16 granted.
17       Accordingly, IT IS HEREBY ORDERED that:
18 1.    Plaintiff's case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28
19 U.S.C. § 1915A
20 2.    The Clerk of Court is directed to close this case.
21
22 DATED: August 10, 2012
23                                             /s/ Carlos T. Bea
                                            **Hon. Carlos T. Bea**
24                                             U.S. Court of Appeals for the Ninth
                                            Circuit, sitting by designation
25
26